# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                                              |   |                                  |
|----------------------------------------------|---|----------------------------------|
| SPECIALTY RX INC.,                           : |   |                                  |
|                                              : |   |                                  |
|                    Plaintiff,                : |   |                                  |
|                                              : |   | Civil Action No. 20-18665 (SRC)  |
| v.                                           : |   |                                  |
|                                              : |   | **OPINION & ORDER**              |
| BOONTON CARE CENTER, LLC d/b/a               : |   |                                  |
| BOONTON CARE CENTER,                         : |   |                                  |
|                                              : |   |                                  |
|                    Defendants.               : |   |                                  |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendant Boonton Care Center, LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, the motion will be granted in part and denied in part as to liability, and referred to the Magistrate Judge for a proof hearing to determine Plaintiff's damages.

As a threshold matter, a grant of default judgment requires proof of proper service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) ("We note that if a default judgment had been entered when there had not been proper service, the judgment is, a fortiori, void, and should be vacated."). The Court is satisfied that Plaintiff properly served Defendant via hand-delivery to a company secretary, an authorized agent, at Defendant's place of business on December 16, 2020. (See D.E. 6.)

In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before granting default judgment, a district court may consider whether "the unchallenged facts constitute

a legitimate cause of action, since a party in default does not admit mere conclusions of law." J&J Sports Prods., Inc. v. Ramsey, 757 F. App'x 93, 95 (3d Cir. 2018). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Applying New Jersey law, a breach of contract claim requires proof of four elements: (1) "the parties entered into a contract containing certain terms"; (2) "plaintiffs did what the contract required them to do"; (3) "defendants did not do what the contract required them to do"; and (4) "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiff". Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (alterations omitted) (quoting Model Jury Charge (Civil), § 4.10A "The Contract Claim–Generally" (May 1998)). A nonrepudiating party may claim damages for total breach "when the other party, through an unambiguous affirmative act or statement, repudiates its contractual duties prior to the agreed-upon time for performance." Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 178 (N.J. Super. Ct. App. Div. 2008) (citing Ross Sys. v. Linden Dari–Delite, Inc., 35 N.J. 329, 340–41 (1961)).

Because Defendant has defaulted, this Court finds that the allegations in the Complaint as to liability for breach of contract are determined to be true. The Complaint alleges that the parties entered into an agreement on or about August 12, 2018, whereby Plaintiff would be the Facility's exclusive provider of pharmaceutical related supplies and services for a term of five years (the "Agreement"). (D.E. 1 ("Compl.") ¶¶ 9–10.) The Agreement sets forth certain restrictions on the parties' ability to terminate the relationship, which include, among others, that Defendant may

not terminate the Agreement unless Plaintiff defaults on its obligations, after which Defendant must provide Plaintiff sixty days' notice to cure the default. (Compl. ¶ 10.) Moreover, Defendant may not terminate the Agreement unless it is current in its payments to Plaintiff. (Compl. ¶ 11.)

The Complaint further alleges that, on November 9, 2020, Defendant provided Plaintiff a notice of termination, purportedly effective on January 1, 2021. (Compl. ¶ 19.) The Complaint alleges that Plaintiff had "performed all of its obligations under the Agreement." (Compl. ¶ 28.) Furthermore, Defendant owed Plaintiff an outstanding balance at the time Defendant proffered the notice of termination. (Compl. ¶¶ 17, 19.) Defendant at no time rescinded its notice of termination, even after Plaintiff notified Defendant that the attempt to terminate the Agreement was not effective. (Compl. ¶¶ 20–21.) Accepting these facts as true, Defendant repudiated the Agreement and was in breach thereof. The Complaint alleges that Plaintiff was injured as a result of this breach. (Compl. ¶ 30.)

The factual allegations in the Complaint, taken as true, establish that the elements for a Judgment of liability on a claim for breach of contract under New Jersey law have been met. Accordingly, the motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendant shall be entered on the claim for breach of contract.

Plaintiff must still prove its claims for damages in connection with Defendant's breach, which include Defendant's outstanding balance due and Plaintiff's lost profits arising from the breach. (D.E. 9-11 at 8–9.) Plaintiff also seeks an award of court costs and reasonable attorneys' fees under the terms of the Agreement, and pre- and post-judgment interest pursuant to New Jersey Court Rule 4:42-11. (D.E. 9-11 at 9–10.)

The Court may "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed.R.Civ.P. 55(b)(2); cf. Fed.R.Civ.P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). However, "the court is not required to conduct a hearing as long as it ensures that there is a basis for the damages specified in the default judgment." Verizon Emp. Benefits Comm. v. Baldino, No. CIV. 18-14251 MAS, 2020 WL 3183165, at *4 (D.N.J. June 15, 2020) (internal alterations omitted).

Under New Jersey law, contract damages must be established "to a reasonable degree of certainty." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993). While lost profits may be recoverable, "[a]nticipated profits that are remote, uncertain or speculative . . . are not . . . ." Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 609–610 (2011) (quoting Perth Amboy Iron Works, Inc. v. Am. Home Assurance Co., 226 N.J. Super. 200, 224 (N.J. Super. Ct. App. Div.1988)). While Plaintiff proffers evidence sufficient to establish Defendant's outstanding balance due to a reasonable degree of certainty (see D.E. 9-4, 9-5 (Decl. of J. Zubnick (Ex. 2-3))), Plaintiff has not demonstrated that its claim for lost profits is readily and accurately calculable.[1] The question of damages with respect to lost profits shall be referred to the

---

[1] As the basis for its claim, Plaintiff refers to a payment of $257,400 that Plaintiff purportedly made to an unidentified third-party "predecessor" to enter into the Agreement. (D.E. 9-2 (Decl. of J. Zubnick).) Plaintiff prorates this payment, which is described in neither the Agreement nor the Complaint, across the Agreement's remaining term. According to Plaintiff, this pro-rated sum constitutes "a reasonable approximation of [its] lost profits." (9-11 at 8.) Plaintiff does not otherwise provide information relevant to Plaintiff's past or forecasted profits.

4

Magistrate Judge for determination at a proof hearing, at which Plaintiff will demonstrate how its proposed calculation reasonably approximates Plaintiff's lost profits.

Plaintiff next seeks court costs and reasonable attorneys' fees. The Agreement provides for the award of these costs and fees to the "substantially prevailing party." (D.E. 9-3 (Decl. of J. Zubnick (Ex. 1 §7.11)).) Accordingly, Plaintiff is entitled to such costs and fees in an amount to be determined at a proof hearing. See, e.g., Cohen v. Fair Lawn Dairies, Inc., 44 N.J. 450, 451–452 (1965) (enforcing contractual provision for reasonable counsel fees).

Finally, Plaintiff seeks prejudgment and post-judgment interest pursuant to New Jersey Court Rule 4:42-11. That Court Rule, however, does not provide for an award of pre-judgment interest on a claim for breach of contract. "The allowance of prejudgment interest is a matter of discretion for the trial court." County of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006). Plaintiff has failed to offer any basis for an award of prejudgment interest, and it will be denied. The award of post-judgment interest, however, is governed by 28 U.S.C. § 1961, "even in matters arising under diversity jurisdiction." Geiss v. Target Corp., No. CIV. 09-2208 RBK, 2015 WL 5227620, at *2 (D.N.J. Sept. 8, 2015) (citing Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988)). Accordingly, post-judgment interest shall be awarded to Plaintiff, pursuant to 28 U.S.C. § 1961.

For these reasons,

**IT IS** on this 7th day of May, 2021,

**ORDERED** that Plaintiff's motion for entry of default judgment (Docket Entry No. 9), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that, as to the Complaint's First Cause of Action, Plaintiff's motion is **GRANTED**, and Judgment as to liability for breach of contract will be entered in favor of Plaintiff and against Defendant Boonton Care Center, LLC; and it is further

**ORDERED** that, as to Plaintiff's application for an award of pre-judgment interest, Plaintiff's motion for default judgment is **DENIED**; and it is further

**ORDERED** that Plaintiff is entitled to an award of damages consisting of Defendant's outstanding balance due, lost profits, court costs and attorneys' fees, and post-judgment interest; and it is further

**ORDERED** that the matter shall be referred to the Magistrate Judge for a proof hearing to determine Plaintiff's damages, court costs, and attorneys' fees, consistent with the methods described herein.

          s/ Stanley R. Chesler
Stanley R. Chesler
United States District judge