UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECIALTY RX, INC.,<br><br>Plaintiff,<br><br>BOONTON CARE CENTER, LLC,<br><br>Defendant. | Civil Action No. 20-18665 (SRC) (CLW)<br><br>REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court in connection with Plaintiff's motion for default judgment. (ECF No. 9). The undersigned conducted a proof hearing in this matter on October 19, 2021. Upon careful consideration of the record for this matter, and for good cause shown, and

**WHEREAS** the Hon. Stanley R. Chesler, U.S.D.J. granted Plaintiff's motion for default judgment, in part, by Order dated May 7, 2021. (May 7, 2021 Order, ECF No. 10). In that Order, Judge Chesler ruled that "Judgement as to liability for breach of contract will be entered in favor of Plaintiff and against Defendant Boonton Care Center, LLC". (*Id.* at 6). After denying Plaintiff's application for an award of prejudgment interest, (*id.*), Judge Chesler found that "Plaintiff is entitled to an award of damages consisting of Defendant's outstanding balance due, lost profits, court costs and attorneys fees, and post judgment interest", (*id.*), and referred the matter to the undersigned to conduct "a proof hearing to determine Plaintiff's damages, court costs, and attorneys' fees, consistent with the methods [His Honor described]." (*Id.*); and

**WHEREAS** the undersigned ultimately scheduled that proof hearing for October 19, 2021,[1] and required Plaintiff to make various submissions in advance; and

**WHEREAS** Plaintiff filed those submissions on August 9, 2021. (ECF No. 13). Plaintiff's filing consisted of an explanatory cover letter containing proposed findings of fact, (*id.*), the Declaration of Plaintiff's Chief Executive Officer Joel Zupnick ("Zupnick Decl."), with Exhibits A-G, (ECF No. 13-1), and the Declaration of Abraham S. Beinhorn, Esq. ("Beinhorn Decl."), with Exhibits 1-2. (ECF No. 13-2); and

**WHEREAS** the exhibits to the Zupnick Decl. include Plaintiff's "customer open balance report" regarding Defendant, (Exhibit B), "a calculation of the unrecouped expense Plaintiff incurred due to the early termination [of the parties' agreement]," (Exhibit C), a proposed calculation of Plaintiff's lost profits, (Exhibit E), and certain records underlying that calculation (Exhibits F and G). (Zupnick Decl. ¶¶ 2-7, ECF No. 13-1); and

**WHEREAS** Plaintiff's "customer open balance report" reflects a series of eight invoices and one payment. (*Id.* at Ex. B). For each invoice, the report also provides both the "orig*i*nal" amount owed and the "open balance" remaining outstanding. (*Id.*). The report reflects that, after all payments, Defendant owes Plaintiff an outstanding balance of $17,712.40. (*Id.*). Plaintiff confirmed that amount was accurate during the October 19, 2021 hearing. (Tr. of Oct. 19, 2021 Hr'g at 6:4-7, ECF No. 17). Based on the record, the Court therefore finds that Defendant owes Plaintiff an outstanding balance of $17,712.40, and that Plaintiff is entitled to a judgment including that amount; and

---

[1] The Court had previously scheduled the proof hearing for July 26, 2021, September 20, 2021 and September 21, 2021, but adjourned each of those sessions for various reasons. (ECF Nos. 11, 14-16).

**WHEREAS** Plaintiff has presented the Court with a calculation reflecting that it lost $150,458.56 in profits due to Defendant's premature termination of the parties' agreement. (Zupnick Decl., Ex. E, ECF No. 13-1). As Judge Chesler recognized in His Honor's May 7, 2021 Opinion and Order, "[w]hile lost profits may be recoverable, [a]nticipated profits that are remote, uncertain or speculative . . . are not. . . ." (May 7, 2021 Order at 4, ECF No. 10) (quoting *Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co.*, 206 N.J. 596, 609–610 (2011)) (brackets and ellipses in original). Put another way, "New Jersey courts . . . typically require a fair basis for the calculation of lost profits." *Granelli v. Chi. Title Ins. Co.*, Civil Action No. 10-2582 (JLL), 2012 U.S. Dist. LEXIS 80019, at *31 (D.N.J. June 8, 2012) (citing *V.A.L. Floors Inc. v. Westminster Comm. Inc.*, 355 N.J. Super. 416, 810 A.2d 625, 632 (N.J. Super. Ct. App. Div. 2002); *J.L. Davis & Assocs. v. Heidler*, 263 N.J. Super. 264, 622 A.2d 923 (N.J. Super. Ct. App. Div. 1993)). "Speculative damage calculations are typically only permissible when previous business experience allows the court to make a reasonable estimate for the damage amount. Sufficient evidence must be present to allow at least an estimate with a reasonable degree of certainty." *Id*. The Court must therefore inspect the information underlying Plaintiff's calculation to determine whether Plaintiff's estimate meets those standards; and

**WHEREAS** during the October 19, 2021 proof hearing, Plaintiff's Chief Executive Officer, Mr. Zupnick, described Plaintiff's lost profits calculation as follows:

> [S]o what we did is we used the number of revenue for this particular account for the prior month that we have served this customer going back from January 2019 through September '20. So we have data of approximately 18 or 19 months. And we're saying is that the average revenue per month is $35,015.
>
> Using that number, we also know that the company's net profit is 13 percent, and we have had our CPA attest to that. So if we're using a 13.6 percent net and back it into a gross number of approximately $35,000 per month, we know that our lost profit per month is . . . $4,762.

> So if we take 4762 and multiply it by the remaining months of the contract that was --- I should say unlawfully terminated, that is our lost profit.

(Tr. of Oct. 19, 2021 Hr'g at 4:20-5:8, ECF No. 17). Thus, Plaintiff took the average monthly profits for this account -- $4,762.17[2] – and multiplied that number by the number of months that would have remained in the parties' contract term but-for Defendant's early termination (31.59 months), (March 24, 2021 Decl. of Joel Zupnick ¶ 24, ECF No. 9-2), which yields a total of $150,436.95. In light of Plaintiff's explanation, as well as the character and scope of the data its representative used to make his calculation, the Court finds that Plaintiff's calculation of lost profits appears to be both fair and reasonably certain. Plaintiff is therefore entitled to a judgment that includes $150,436.95 in lost profits; and

**WHEREAS** Judge Chesler found that Plaintiff is also entitled to recover both the court costs and reasonable attorneys' fees incurred in bringing this action. (May 7, 2021 Order at 5, ECF No. 10). In support of Plaintiff's application, attorney Abraham S. Beinhorn, Esq., submitted a declaration that includes, as an exhibit, time records reflecting the services that his firm, Jacobowitz Newman Tversky LLP provided to Plaintiff and the amounts billed in connection therewith. (Beinhorn Decl., Ex. 1, ECF No. 13-2). The court has carefully reviewed those records and finds that the hourly rates[3] and hours worked described therein are reasonable. Similarly, the

---

[2] While Mr. Zupnick referred to a monthly profit figure of "$4,762" during the October 19, 2021 hearing, it appears he was rounding down for the sake of simplicity. The records Plaintiff submitted in support of its application reflect slightly greater monthly profits of $4,762.17. (Zupnick Decl., Ex. E, ECF No. 13-1). The Court will use this more precise figure in its calculations.

[3] The records reflect that the firm billed its managing partner, a 2007 graduate of Columbia Law School, at the rate of $495.00 per hour and the associate attorney involved in this matter, a 2015 graduate of Fordham University School of Law, at the rate of $365.00 per hour. (*Id.*). The firm also billed for paralegal time at the rate of $125.00 per hour. (*Id.*). The records reflect that the associate, Mr. Beinhorn, and paralegal, Ms. Hoamcharran, performed nearly all of the work on this case. (*Id.*).

Court has carefully reviewed the billing entries corresponding to costs and expenses, which reflect charges for postage, limited legal research, District Court filing fees, and process server fees. (*Id.*). The Court likewise finds that those costs and expenses were reasonable. The Court therefore concludes that the total amount Plaintiff seeks to recover for fees and expenses – $10,632.83 – is reasonable, and that Plaintiff is entitled to a judgment that includes that amount; and

**WHEREAS** the damages, costs, and fees described above form a combined total of $178,782.18;

**IT IS** on this 15th day of November, 2021,

**RECOMMENDED** that the District Court enter judgment against Defendant Boonton Care Center LLC and in favor of Plaintiff in the amount of $178,782.18, along with post-judgment interest pursuant to 28 U.S.C. § 1961(a) running from the date of the final judgment.

s/Cathy L. Waldor  
Cathy L. Waldor, U.S.M.J.